# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-13-54-R |
| | ) | CIV-15-535-R |
| DENZEL ARION ROSS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant has filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Doc. No. 39. The Government has responded in opposition the motion. Having considered the parties' submissions, the Court hereby DENIES Defendant's motion.

Defendant was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) following his entry of a plea of guilty and sentenced to 100 months imprisonment. He raises three issues in his request for relief from the judgment: (1) the Court erred in applying a five-level sentencing enhancement because he did not "possess, use and/or brandish" a firearm during the robbery; (2) the government failed to prove that the bank robbed, Bank of the West, was insured by the Federal Depository Insurance Company and/or a member bank of the federal reserve, precluding federal jurisdiction; and (3) the government lacked the legal authority to take legislative jurisdiction over 5757 N.W. Expressway, Warr Acres, Oklahoma, the location of the bank which Defendant was convicted of robbing

In response to the motion the United States first argues the petition is untimely, because judgment in Petitioner's case was entered on July 11, 2013, and he did not file a

direct appeal. Therefore, it argues, any motion pursuant to 28 U.S.C. § 2255 was due not later than July 1, 2014. The government further contends there is no basis for an alternative start date or tolling of the statute of limitations period.

28 U.S.C. § 2255(f) contains a one-year statute of limitations for petitions for collateral review. The section provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4); *Johnson v. United States*, 544 U.S. 295, 299–30 (2005). The only subsection that could arguably render Defendant's motion timely is (2), and only if the Court were to find that the government imposed an unconstitutional impediment to timely filing of a § 2255 motion. Defendant, however, has not alleged any facts that would support such a conclusion.

Defendant's reliance on an October 14, 2014 policy statement by the Department of Justice regarding enforcement of collateral attacks in plea agreements is misplaced. That policy might arguably apply to a claim of ineffective assistance of counsel raised in a § 2255 motion that was otherwise untimely, however, the policy statement was limited in scope to

2

such claims.[1] Defendant, however, does not raise any such claims, and therefore, § 2255(f)(1) would apply and the motion would be untimely. Furthermore, Defendant's motion presents no basis for equitable tolling of the limitations period. Moreover, as argued by the government, Defendant's claims fail on the merits.

Defendant's first contention was raised by counsel in response to the presentence investigation report. Counsel conceded that a three-level adjustment at sentencing would be appropriate because Defendant admittedly possessed a hoax bomb device. Counsel argued, however, the absence of any evidence that Defendant possessed a weapon while he was in the bank precluded the five point adjustment recommended by the probation officer.

In response to the objection to the presentence report the probation officer correctly noted that Defendant possessed a weapon while fleeing the bank. Specifically, when stopped by the police within fourteen minutes of first entering the bank, Defendant, a passenger in a fleeing car, was carrying a pistol in his pants.

U.S.S.G. § 1B1.3(a), defines relevant conduct to include "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant that occurred during the commission of the offense of conviction, in

---

[1] Defendant did not attach a copy of the directive allegedly issued by then-Attorney General Holder on October 13, 2014. The Court's research resulted in location of a Memorandum with that date from James Cole, Deputy Attorney General, to all federal prosecutors, which includes the following:
> For cases in which a defendant's ineffective assistance claim would be barred by previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve.

http://pdfserver.amlaw.com/nlj/DOJ_Ineffective_Assistance_Counsel.pdf (last accessed June 23, 2015).

preparation for the offense, *or in the course of attempting to avoid detection or responsibility for that offense.*" Here, Defendant was attempting, unsuccessfully, to flee the scene without detection when apprehended, and although he did not brandish or use a weapon, he indeed possessed a firearm as required for the five-point enhancement under § 2B3.1(b)(2)(C). *See United States v. Kiefer*, 417 Fed.Appx. 590, *1 (8th Cir. 2011); *United States v. Hayes*, 142 Fed.Appx. 476, *1 (1st Cir. 2005).

Defendant next contends the government failed to prove before the grand jury that the Bank of the West was insured by the FDIC. 18 U.S.C. § 2113(f), the federal bank robbery statute, defines a bank to include "any institution the deposits of which are insured by the Federal Deposit Insurance Company." The indictment included the following:

> Denzel Arion Ross. . . the defendant herein, knowingly took by force, violence, and intimidation from the person and presence of employees, money belonging to and in the care, custody, control, management and possession of Bank of the West . . . the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"). . . .

Doc. No. 11. In his Petition to Enter Plea of Guilty, Defendant admitted:

> On Feb. 20, 2013, in Warr Acres, OK, I knowingly took by intimidation from employees at Bank of the West money belonging to the bank & insured by the FDIC.

Doc. No. 18, p. 11. Defendant's admission of the factual basis for the plea conclusively establishes the facts contained in the indictment. *See United States v. Broce,* 488 U.S. 563, 569 (1989)*; United States v. Brown,* 164 F.3d 518, 521 (1998); *United States v. Vasquez*, 2015 WL 1925820, *1 (D.Minn. 2015)(By pleading guilty to bank robbery Defendant

4

admitted that the deposits of the bank were insured by the FDIC as alleged in the indictment). Accordingly, Defendant is not entitled to relief on his second contention of error.

Finally, Defendant's contention that the federal government lacks authority to regulate bank robbery absent ownership of the property where such bank is located is similarly unfounded.

> District courts have jurisdiction over "all offenses against the laws of the United States," 18 U.S.C. § 3231; *see Burke*, 425 F.3d at 408; *United States v. Koliboski*, 732 F.2d 1328, 1329-30 (7th Cir.1984), including bank robbery. Furthermore, Congress has authority to criminalize robbery of FDIC-insured banks because the offense has a sufficient nexus to interstate commerce. See *United States v. Watts*, 256 F.3d 630, 633-34 (7th Cir.2001). And whether the bank is located on land owned by the federal government is irrelevant. *See United States v. Banks-Giombetti*, 245 F.3d 949, 953 (7th Cir.2001).

*United States v. Donelson*, 326 Fed.Appx. 938, 940 (7th Cir. 2009); *see also United States v. Williams*, 185 Fed.Appx. 917, 920 (11th Cir. 2006)("Section 2113 does not protect only banks on federal land or those owned by the federal government."). As such, Defendant's third ground for relief is hereby rejected.

For the reasons set forth herein, the motion to vacate filed by Defendant Ross is hereby DENIED.

IT IS SO ORDERED this 30th day of June, 2015.

*[signature: David L. Russell]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE