# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CR-13-54-R |
| | ) | CIV-15-535-R |
| DENZEL ARION ROSS, | ) | |
| Defendant. | ) | |

## ORDER

Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On June 30, 2015, the Court entered an Order denying Defendant's request for relief. Thereafter, on August 27, 2015, Mr. Ross filed a Motion to Reconsider, asserting therein that he had not received a copy of the Government's response to his motion and therefore had been denied an opportunity to file a reply brief in support of his motion. On September 2, 2015, the Court granted Defendant's motion to reconsider, vacated its prior Order and Judgment, and granted him leave to file a reply. On December 11, 2015, the Court received Defendant's reply brief. Having considered his reply in conjunction with the allegations in the original motion, the Court finds as follows.

Petitioner pled guilty to bank robbery and was sentenced on July 11, 2013 to a term of 100 months imprisonment. He did not appeal. His conviction became final when the time expired for him to file a timely appeal—14 days following the date judgment was entered against him . See Fed. R.App. P. 4(b)(1). Accordingly, Mr. Ross' conviction became final on

July 25, 2013. As such, if the one-year period set forth in 28 U.S.C. § 2255(f)(1) applies, his § 2255 motion was due not later than July 25, 2014, and this motion, filed May 18, 2015, would be untimely.

In its prior Order the Court noted the government's contention that the instant motion was time barred. In explaining why he did not file an appeal or prior collateral attack, Mr. Ross cited to an October 14, 2014 directive issued by then-Attorney General Eric Holder. Doc. No. 39, p. 6. Therein Mr. Holder allegedly directed prosecutors not to enforce collateral attack waivers in existing plea agreements. *Id.* In his reply Defendant also argues that his challenge is timely because his second ground for relief is a jurisdictional challenge. He argues that his stipulation at the time of his plea of guilty that the Bank of the West was insured by the FDIC was ineffective, because litigants cannot stipulate to the Court's jurisdiction.

Having had the benefit of full briefing by the movant, the Court disagrees with both of his arguments regarding timeliness. 28 U.S.C. § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--(1) the date on which the judgment of conviction becomes final;(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The government advocated for application of § 2255(f)(1), which would render Defendant's

challenge untimely. Defendant contends that the statement issued by Eric Holder in October 2014 allows him to rely on § 2255(f)(2), which would render his § 2255 timely.

Eric Holder's statement in October 2014 was set forth in the Court's June 30, 2015 order. Therein Mr. Holder instructed the various United States Attorneys' offices not to enforce collateral review waivers in cases involving claims of ineffective assistance of counsel. Defendant herein is not asserting an ineffective assistance of counsel claim. Furthermore, the fact that a defendant agrees to a waiver of such review was not an impediment created by the government that was then removed, and therefore, by its terms, § 2255(f)(2) does not apply.

Defendant's contention that he may challenge the Court's jurisdiction at any time is similarly without merit. 28 U.S.C. § 2255(a) specifically provides that grounds for relief include the fact that the Court was without jurisdiction to impose sentence. Defendant admitted the Bank's insured status during the plea process. There is nothing improper about stipulating this fact. Furthermore, there is nothing improper about stipulating to facts that support the Court's jurisdiction over a claim, as distinguished from Defendant's contention that parties cannot stipulate to the Court's jurisdiction. *See United States v. Kunzman*, 54 F.3d 1522, 1527 (10th Cir. 1995)("The parties stipulated that the accounts of the Central Bank of Greeley were insured by the FDIC during the time the transactions took place. The stipulated facts were sufficient to confer jurisdiction under section 1956."). Defendant stipulated to a fact, which is entirely permissible and provides no basis for him to ignore the deadline set forth in 28 U.S.C. § 2255(f)(1). Accordingly, the Court concludes that Defendant's motion

was untimely and is therefore subject to dismissal. Even if the motion were timely filed, for the reasons set forth in the Court's June 30, 2015 Order, the claims would be denied on the merits.

Defendant's Motion to Vacate is hereby DENIED AS UNTIMELY.

IT IS SO ORDERED this 16th day of December, 2015.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE